**Juan ISAKO, Plaintiff—Appellant**

v.

**Kenneth S. APFEL, Commissioner of Social Security Administration, Defendant—Appellee**

No. 99–55867.

D.C. No. CV–98–04963–ABC(EE).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided Feb. 22, 2001.

Before BEEZER, T.G. NELSON and BERZON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM **

We affirm the district court's order granting summary judgment. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

The ALJ properly relied on the definition of "non-severe impairment" contained in 20 C.F.R. § 416.921(a). That standard was specifically approved by the Supreme Court in the very case Isako cites for the proposition that the regulation is invalid. *Bowen v. Yuckert,* 482 U.S. 137, 139, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

■ Substantial evidence supports the ALJ's conclusion that Isako does not suffer from a severe impairment or combination of such impairments:

■ 1. Although Isako's treating physician, Dr. Yamini, opined that Isako is totally disabled, the opinion of a treating physician is not always dispositive. "Where," as here, "the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995).

In any event, the ALJ provided specific, legitimate reasons in support of his decision to credit the opinions of Drs. Schatz, Klashman, and Fabella over Dr. Yamini. Regarding Dr. Yamini's conclusion that Isako suffers from refractory hypertension, for example, the ALJ noted that "the record specifically indicates, and claimant has testified, that she has often not taken her hypertension medication, contrary to

medical instructions," and without good reason. Similarly, the ALJ found that Isako's "acute exacerbation of asthma ... again is due to the claimant's failure to use medications as instructed." Under the regulation concerning treatment prescribed by a physician, "[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled ...." 20 C.F.R. § 416.930(b).

■ As for Yamini's diagnosis of degenerative joint disease, the ALJ observed that "the record is devoid of any clinical findings of any significant arthritic process of the claimant." "[T]he ALJ need not accept a treating physician's opinion ... with little in the way of clinical findings ...." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989).

■ 2. Substantial evidence also supports the ALJ's conclusion that Isako does not suffer from a severe mental impairment. Dr. Azizi's report is based on a single visitation with Isako. Because he did not have "an ongoing treatment relationship" with the claimant, Dr. Azizi was not a "treating source." 20 C.F.R. § 416.902. His opinion was therefore not entitled to special weight. 20 C.F.R. § 416.927(d)(2). Thus, the opinions of all three examining psychiatrists—Drs. Greenleaf, Azizi, and Baumzwieger—are entitled to the same presumptive weight.

The ALJ, who is "responsible for determining credibility and resolving conflicts in medical testimony," *Magallanes,* 881 F.2d at 750, accepted Dr. Greenleaf's finding of "no psychiatric basis for a disability," while rejecting the findings of Drs. Azizi and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Baumzwieger. The ALJ's reasons for so crediting Dr. Greenleaf over the other examining psychiatrists included internal inconsistencies in the reports of Drs. Azizi and Baumzwieger, and a paucity of objective findings to support their conclusions. These reasons have a basis in the record. The ALJ therefore properly found that Isako does not suffer from a severe mental impairment.

3. Finally, it was within the sound discretion of the ALJ to determine that Isako's subjective testimony lacked credibility. "Credibility determinations are the province of the ALJ." *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). In light of the ALJ's observations of inconsistencies in Isako's testimony, and extrinsic evidence conflicting with her testimony, we see no basis to invade that province here.

AFFIRMED.